MR. JUSTICE HUNT,
dissenting:
I join in the dissent of Mr. Justice Frank B. Morrison. I would further dissent and add that because the majority does not adequately treat the issue of the county’s responsibility in this matter, the county’s conduct as an employer is improperly ignored.
The county is responsible for its own conduct. It did ratify Judge *433 McKittrick’s decision to terminate plaintiffs employment. As such, Section 2-9-112, MCA, is not applicable here. The county, as plaintiff’s employer should be held accountable for express or implied promises made to plaintiff regarding her employment.
The county paid plaintiff’s salary, provided her with health insurance benefits and issued a county employee’s manual to her. She was given repeated pronouncement by various county officials that she indeed was a county employee. Understandably she assumed she was protected under terms similar to those in the employee manual.
These objective manifestions of her status as a county employee entitle her to an opportunity to present evidence on her allegations that the county breached its duty of good faith and fair dealing, denied her due process and wrongfully discharged her.
The District Court’s grant of summary judgment to defendants wrongly denied plaintiff this opportunity. I would reverse and remand this case to allow discovery to go forward.